IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORTEZ JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-1871 |
| | : | |
| RAYMOND COLLERAN | : | |

## MEMORANDUM AND ORDER

**Juan R. Sanchez, J.**                                                                                   **April 25, 2007**

   Cortez Johnson asks this court to grant him habeas corpus relief under 28 U.S.C. § 2254.

After a careful and independent review pursuant to 28 U.S.C. § 636, I find none of the six issues

Johnson raises presents a ground for relief; therefore, I approve the Report and Recommendation of

Magistrate Judge M. Faith Angell and overrule Johnson's objections.

## FACTS

   Johnson was one of three masked and armed men who entered a bar in Philadelphia in May,

1998, and ordered everyone down on the floor.  The bar's disc jockey, George Bullock, a retired

police officer, struggled with one of the robbers.  The robber's bandanna slipped from his face during

the struggle.  The struggle ended when Bullock was shot in the chest.  Johnson retrieved a gun from

the floor and shot Bullock in the head at close range after the struggle.  Bullock survived.  Another

robber fired several times, wounding seven other patrons.  Bullock identified Johnson in a police

photo array and a subsequent search of his home turned up a gold chain, a ski mask and a box of

bandannas.  The district attorney's office simultaneously tried Johnson and his co-defendants on

charges from this robbery and another robbery eighteen hours earlier.  During trial Bullock testified,

identifying Johnson in court as the man who had shot him.  Johnson was acquitted on charges

relating to the earlier robbery but convicted of robbery, aggravated assault, carrying a firearm without

1

a license, and criminal conspiracy in the second robbery. The trial court sentenced Johnson to an aggregate of 18½ to 37 years' imprisonment. In his direct appeal, Johnson challenged the sufficiency of the evidence based on allegedly faulty identification, ineffective assistance of counsel for failing to object to an improperly redacted co-conspirator's statement, and ineffective assistance of counsel for failing to object to improper remarks by the prosecutor during her opening statement and closing argument. The Pennsylvania Superior Court found no merit to any issue and affirmed Johnson's judgment of sentence. The state Supreme Court denied permission to appeal on May 31, 2001.

Johnson filed a timely petition under the Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, and counsel was appointed. Johnson's amended PCRA petition unsuccessfully raised ineffective assistance of trial counsel for failing to allow Johnson to testify at trial, failing to call potential witnesses, failing to impeach witnesses with prior inconsistent statements, and ineffective assistance of appellate counsel for failing to preserve objections. The PCRA court addressed each of the issues on its merits and denied relief in an opinion the Superior Court adopted on appeal on February 24, 2005.

Johnson's petition for a writ of habeas corpus was timely filed with this Court on April 22, 2005, raising nine claims, four of which the Magistrate Judge found procedurally defaulted for either failing to raise them in the state courts or, in the case of one of the issues, failing to present enough evidence or argument to overcome a finding of frivolity by the PCRA court. The Magistrate Judge addressed the merits of the remaining five issues and found each without merit.

**DISCUSSION**

This Court must review *de novo* the record regarding any recommendation by a magistrate judge to which a petitioner objects. 28 U.S.C. § 636. Johnson raises six objections to the Magistrate Judge's Report and Recommendation. Johnson alleges the Magistrate Judge should have given him

2

an evidentiary hearing to allow him to prove the evidence was insufficient to convict him, and he

received ineffective assistance of counsel in advising him not to testify, in failing to interview and

call witnesses, failing to object to the redaction of a co-defendant's statement, and failing to object

to prosecutorial misconduct.

Under the habeas statute, this Court may not grant a writ of habeas corpus unless "the

applicant has exhausted the remedies available in the courts of the State." 42 U.S.C. § 2254.[1]  To

_____

[1] The habeas statute provides:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process;  or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

exhaust the remedies available in the Pennsylvania courts, Johnson must have fairly presented to the Pennsylvania courts all claims he made in his habeas petition, to give the state courts "the opportunity to pass upon and correct alleged violations of [his] federal rights." *Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998). This Court may not issue the writ if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000) (Breyer, J., concurring).

Of Johnson's six objections to the Report and Recommendation, five rest on properly exhausted state law claims. The first, the failure of the Magistrate Judge to hold an evidentiary hearing, is uniquely directed to the habeas process itself.

Johnson would be entitled to a hearing only if the factual record in state court were inadequate and he could present a new rule of constitutional law or a fact that could not have been previously discovered through the exercise of due diligence. 42 U.S.C. § 2254(e)(2)(A).[2] Then,

---

42 U.S.C. § 2254.

[2]Regarding a hearing, section 2254 provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Johnson would have to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of robbery. 42 U.S.C. § 2254(e)(2)(B).  The right to a hearing requires the facts be in dispute and the applicant failed to receive "a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." *Townsend v. Said*, 372 U.S. 293, 312 (1963).  The state trial, appellate and PCRA courts considered each of Johnson's claims and found them without merit.  This court is not free to re-find facts; thus, a hearing would not change the result and is not required.

Federal habeas relief is barred as to any claim adjudicated on the merits in a state court proceeding unless that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law.  28 U.S.C. § 2254(d).  The "contrary to" and "unreasonable application" clauses have independent meanings.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).   Before proceeding under either the "contrary to" or "unreasonable application" standards, I must identify the applicable "clearly established" law before determining whether the state court decisions were contrary to or unreasonable applications of the law.  *Outten v. Kearney*, 464 F.3d 401, 413 (3d Cir. 2006).  I may not grant relief "unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Outten*, 464 F.3d at 414 (internal citations omitted).

Johnson challenges here, as he has in every court before this one, the sufficiency of the evidence on which he was convicted, particularly Bullock's identification.  The standard by which a challenge to the sufficiency of the evidnce is measured is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

---

42 U.S.C. § 2254(e).

elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Federal habeas review of a sufficiency claim must be based on state law. *Id.* at 324.  The applicable

standard of review in Pennsylvania is:

> In evaluating a challenge to the sufficiency of the evidence, we view all the evidence
> admitted at trial in the light most favorable to the Commonwealth, which has won the
> verdict, and draw all reasonable inferences in its favor. We then determine whether
> the evidence was sufficient to have permitted the trier of fact to find that each and
> every element of the crimes charged was established beyond a reasonable doubt.

*Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 539 (Pa.Super.1995) (internal citations omitted).

To prove robbery, the Commonwealth had to produce evidence Johnson injured someone or

took property from another by force, however slight.  18 Pa.C.S. § 3701.  Two eyewitnesses to the

robbery, George Bullock and a bartender, identified Johnson from a photo array and in court as one

of the robbers, specifically as the robber who shot Bullock in the head.[3]  A police search of

Johnson's home yielded a ski mask, bandannas, and a gold chain.  In examining the sufficiency of

the evidence to convict Johnson, the Superior Court noted eyewitness identification, evidence seized

from Johnson's home, and Johnson's admission he participated in the robbery.  The Superior Court

did not misapply federal law in finding the evidence sufficient.

Johnson's allegations of ineffective assistance of counsel are measured by the three-prong

test from *Strickland v. Washington*, 466 U.S. 668, 687  (1984).  Johnson must show counsel's

performance was deficient, without strategic or reasonable basis, and the deficiency prejudiced the

defendant.  *Id.* at 697.

Johnson first raised in his PCRA petition his argument ineffective assistance of counsel

---

[3]The bartender, Vanessa Gray, gave particularly chilling testimony.  She stated, "After George got
shot . . . the guy that . . . he was tussling with managed to get over top of him. So I stood there and
watched him shoot George . . . and he stands over George and shoot[s] him like this . . . about a foot
away from his head."  Tr. 4/5/1999, 155-57.

prevented him from testifying at trial.  The PCRA court, as adopted and affirmed by the Superior Court, correctly found Johnson presented no evidence counsel unreasonably interfered with his right to testify.  The record reveals the trial court conducted an extensive colloquy with Johnson on his right to testify before allowing the defense to rest.  Johnson's defense at trial – alibi testimony from his grandmother who said he was at home on the night in question – was at odds with his statement to police at the time of his arrest he was an unwitting and an unwilling lookout for two robbers he met getting off the El.  Had Johnson testified, impeachment was inevitable.  Under *Strikcland*, defense counsel had a strategic reason for discouraging Johnson from testifying.  Johnson knowingly, intelligently, and voluntarily waived on the record his right to testify at trial.  Nothing in the record suggests a decision contrary to or an unreasonable application of federal law.  Accordingly, habeas relief on this issue is denied.

Johnson also alleges ineffective assistance of counsel in failing to interview and call witnesses.  Johnson first raised this issue in his PCRA petition.  To prevail on a claim for ineffective assistance of counsel for failure to investigate or call a witness, Johnson must demonstrate the witness existed, the witness was available for trial, counsel was informed of the existence of the witness or should have known of the witness' existence, the witness would have testified on petitioner's behalf, and the absence of the testimony prejudiced the petitioner.  *Commonwealth v. Pursell*, 724 A.2d 293, 306 (Pa. 1999).  The PCRA court properly applied this standard in finding Johnson's claims without merit.  One of the witnesses, Johnson's grandmother, did in fact testify at trial and Johnson made no showing of the availability or content of the testimony of either of the other two witnesses.  The PCRA court's decision was not contrary to or an unreasonable application of federal law as articulated in *Strickland*.

Johnson objects to the redaction of a co-defendant's statement for use at trial by substituting

"those guys" for his and a second co-defendant's names.  The Supreme Court in *Gray v. Maryland* cautioned against "statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial."  523 U.S. 185, 196 (1998); *see also United States v. Belle*, 593 F.2d 487, 493-94 (3d Cir.), *cert. denied*, 442 U.S. 911(1979) (holding redacted confessions were admissible as long as they did not explicitly suggest the participation of the complaining defendant and citing similar cases).  The Superior Court in Johnson's direct appeal found the redaction conformed to the rule in *Bruton v. United States*, 391 U.S. 123 (1968). *Commonwealth v. Johnson*, No. 1869 EDA 1999, slip op. at 6 (PA. Super. Dec. 6, 2000).  I find no variance with established federal law in the state court's analysis.

Johnson argues he received ineffective assistance when counsel failed to object during closing argument when the prosecutor argued the defendants were "creatures of habit."  Tr. 4/7/1999, 175:23.  The Superior Court properly found no error in the comment as a prelude to the recitation of facts of the two robberies.  I may not grant relief on the grounds of a prosecutor's allegedly improper comments unless the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986). Even if there were error, it would be harmless considering the strength of the evidence against Johnson.  *Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir. 2002) (recognizing "the stronger the evidence against the defendant, the more likely that improper arguments or conduct have not rendered the trial unfair, whereas prosecutorial misconduct is more likely to violate due process when evidence is weaker.").  As discussed in the Superior Court's decision, the Pennsylvania standard emphasizes the effect improper prosecutorial remarks have upon the fairness of the verdict, which is also the central concern of *Darden*.  *See Commonwealth v. Abu-Jamal*, 720 A.2d 79, 110 (Pa.

1998).  Thus, the Pennsylvania standard is consistent with federal law and not contrary to controlling Supreme Court precedent.

Finding no unreasonable application of federal law in the state court proceedings, Johnson's writ of habeas corpus will be denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CORTEZ JOHNSON                     :           CIVIL ACTION

                                   :

        v.                         :           NO. 06-625

                                   :

RAYMOND COLLERAN                   :


**<u>ORDER</u>**


And now this 25th day of April, 2007, upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell, it is hereby ORDERED:

    1.  The Report and Recommendation is APPROVED and ADOPTED;

    2.  The petition for a writ of *habeas corpus* is DENIED with prejudice;

    3.  There is no probable cause to issue a certificate of appealability; and,

    4.  The Clerk of the Court shall mark this case closed for statistical purposes.


BY THE COURT:


/S/ JUAN R. SANCHEZ
Juan R. Sánchez                              J.

10

11